**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnold Mills Granillo,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-20-00311-TUC-JCH<br><br>**ORDER** |

On July 21, 2020, pro se Petitioner Arnold Mills Granillo ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) An Amended Petition ("Petition") was filed on July 30, 2020 (Doc. 4) and Respondents filed an Answer on January 6, 2021. (Doc. 15.) The matter was referred to Magistrate Judge Lynnette C. Kimmins. (Doc. 10.) On March 4, 2022, Judge Kimmins issued a Report and Recommendation ("R&R") recommending that the Court dismiss the Petition for the following reasons:

    (1) Claims 1 and 3 are procedurally defaulted without excuse. Further, Petitioner did not establish that a fundamental miscarriage of justice would occur if Claims 1 and 3 were not heard on the merits. (Doc. 18 at 4–6.)

    (2) Claims 2 and 4 alleging ineffective assistance of trial and appellate counsel— governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")— fail to establish that the state court's decision was based on an unreasonable determination of facts. (Doc. 18 at 6–20.) Moreover, Claims 2 and

4 are without merit. (*See id.*)

The R&R advised the parties that, pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. No objections have been filed within the time provided by Fed. R. Civ. P. 72(b)(2).[1]

After an independent review, the Courts finds it appropriate to adopt the R&R in full and dismiss the Petition.

...

---

[1] The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files an objection – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Accordingly,

1. **IT IS ORDERED ADOPTING IN FULL** the Report and Recommendation (Doc. 18).

2. **IT IS FURTHER ORDERED DENYING** the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus By a Person in State Custody (Doc. 4). The Clerk of the Court shall enter judgment and shall then close its file in this matter.

3. **IT IS FURTHER ORDERED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).

Dated this 5th day of April, 2022.

_____
Honorable John C. Hinderaker
United States District Judge